**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALEXANDER OCASIO, | 3:08-cv-441-HDM (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| E.K. McDANIEL, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's motion for a preliminary injunction and a temporary restraining order. (Doc. #12.[1]) Defendants have opposed. (Doc. #15.) Plaintiff has replied. (Doc. #16.) After a thorough review, the court recommends that the motion be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Alexander Ocasio was in custody of the Nevada Department of Corrections (NDOC) as an inmate at Ely State Prison (ESP). (Defs.' Opp. to Pl.'s Mot. for Prelim. Inj. and TRO 2 (Doc. #15).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. Defendants are E.K. McDaniel, the Warden at ESP, and Sergeant Tom Prince, an NDOC Corrections Officer. (Pl.'s Am. Compl. 2 (Doc.#7).) Plaintiff has filed a motion for a preliminary injunction and temporary restraining order seeking to enjoin the

---

[1]Refers to the court's docket number.

1

Defendants from substituting "security pens" for regular pens, and requiring Defendants to allow Plaintiff access to regular pens. (Pl.'s Mot. for Prelim. Inj. and TRO 6-7 ((Doc. #12).) Plaintiff claims that the "security pen" inhibits his ability to produce legal documents because of its small diameter and flimsy integrity. (*Id.* at 2.) Additionally, Plaintiff asserts that the "security pen" aggravates the carpal tunnel syndrome in his right wrist. (*Id.*) Plaintiff requests the ability to purchase regular pens instead of "security pens." (*Id.* at 7.)

## II. LEGAL STANDARD

A temporary restraining order is available when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (3d ed. 1998); *see* Fed. R. Civ. P. 65(b). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347, n. 2 (1977); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981).

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, --- U.S. ----, ----, 128 S.Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and . . . the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, --- U.S. ----, ----, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted).[2]

---

[2] Before *Winter*, the courts in this circuit applied an alternative, "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter,* the Supreme Court did not directly address the continued validity of the balancing approach. *See Winter*, 129 S.Ct. at 392 (Ginsburg, J.,

2

The Prison Litigation Reform Act (PLRA) imposes certain guidelines on the prospective relief to be granted to an inmate litigant in a lawsuit challenging prison conditions:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California.*, 220 F.3d 987, 999 (9th Cir. 2000).

### III. DISCUSSION

**A.    LIKELIHOOD OF SUCCESS ON THE MERITS**

To justify the "extraordinary remedy" of injunctive relief, Plaintiff must demonstrate probable success on the merits of his claims. Plaintiff filed his amended complaint on January 7, 2009, asserting three causes of action. (Pl.'s Am. Compl. (Doc. #7).) In all three counts, Plaintiff alleges that his right of access to the courts under the First, Fifth, and Fourteenth Amendments has been violated. (Pl.'s Am. Compl. 4-6.)

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of this right, an inmate must show "actual injury," defined as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim." *Id.* at 348 (citation and internal quotations omitted). Claims for denial of access to the courts may arise from the frustration

---

dissenting) ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has never rejected that formulation, and I do not believe it does so today."). This court will require Plaintiff to make a showing on all four of the traditional preliminary injunction requirements. Applying the balancing approach here would not lead to a different result, as Plaintiff has not made a strong showing on any single factor for injunctive relief. *See infra*.

3

or hindrance of "a litigating opportunity yet to be gained" (prospective access claim) or from the loss of a meritorious suit that cannot now be tried (retrospective access claim). *Christopher v. Harbury*, 536 U.S. 403, 412-415 (2002).  When a prisoner brings a denial of access claim, he must show the hindrance or loss of a "nonfriviolous" or "arguable" underlying claim. *Id*. at 415.

Here, Plaintiff alleges in Count I that his access to materials in the law library is significantly impeded because of the procedure by which he must obtain legal books. (Pl.'s Am. Compl. 4.)  Plaintiff claims that Defendants only allow him to order five subsections of text at a time, obstructing his ability to timely file with the court.  (*Id*.)

Although an inmate has a constitutionally protected right of meaningful access to the courts, no freestanding constitutional right to law library access exists for inmates. *Bounds v. Smith*, 430 U.S. 817, 820-21 (1977); *see Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).  Rather, law library access provides one means of ensuring the constitutional right of access to the courts. *Lewis*, 518 U.S. at 351.  When claiming the right to access the courts has been violated due to inadequate library access, an inmate must show: (1) access was so limited as to be unreasonable, and (2) the inadequate access caused actual injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994).  In this case, Plaintiff alleges that the process he must use to access the library is "inexpedient, and would not comply with time requirements to file motions and responses." (Pl.'s Am. Compl. 4.)  Even though Plaintiff claims the procedure he must use obstructs his access to the law library, he does not allege that he has suffered any actual injury. (*Id*.)  At most, Plaintiff speculates as to possible non-specific future injury. (*Id*.)  Therefore, Plaintiff fails to show a likelihood of success on Count I.

In Count II, Plaintiff alleges that Defendants are providing inadequate quantities of legal supplies and copy-work credit. (Pl.'s Am. Compl. 5.)   The right to access the courts encompasses entitlement to services and supplies that are indispensable to the filing of documents with the court. *Allen v. Sakai*, 48 F.3d 1082, 1089 (9th Cir. 1994).  Prison authorities have a duty to provide necessary supplies, such as pens, paper, envelopes, and

accurate photocopies, in order to allow inmates to effectively exercise their right of meaningful access to the courts. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 824-25 (1987). To proceed with a denial of access to the courts claim based on inadequate supplies, an inmate must allege that the denial of necessary supplies resulted in actual injury. *Allen,* 48 F.3d at 1091. Here, Plaintiff fails to allege that the limits to the quantity of legal supplies and copy work resulted in an actual injury. "An actual injury consists of some specific instance in which an inmate was actually denied access to the courts." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989)(internal quotations and citations omitted). Plaintiff generally describes the difficulty he experiences but does not point to any specific instance where he was actually denied access to the courts. (Pl.'s Am. Compl. 5.) Therefore, as to Count II, Plaintiff fails to show a likelihood of success on the merits.

In Count III, Plaintiff claims Defendants conspired to prevent him from attending a small claims court telephonic hearing, causing the case to be dismissed. (Pl.'s Am. Compl. 6.) "To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). A conspiracy claim brought under section 1983 requires proof of (1) an agreement or meeting of the minds to violate constitutional rights, and (2) an actual deprivation of constitutional rights resulting from the alleged conspiracy. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quotations and citations omitted). The constitutional right of access to the courts is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

/ / /

5

1  In this case, Plaintiff alleges that Defendants conspired to prevent him from attending
2 a telephonic hearing in his small claims court case, which was subsequently dismissed.  Even
3 if Plaintiff could prove the elements of conspiracy, he cannot show that he suffered a violation
4 of his constitutional rights because the right of access to the courts does not extend to small
5 claims court cases.  Therefore, as to Count III, Plaintiff, fails to make a "clear showing" with
6 respect to his burden of persuasion that would be consistent with a likelihood of success on the
7 merits.  *See Remlinger v. State of Nev.*, 896 F.Supp. 1012, 1015 (D. Nev. 1995).

8  **B.   IRREPARABLE INJURY**

9  Plaintiff alleges ongoing injury to his constitutional right to access the courts resulting
10 from having to use a "security pen." (Pl.'s Mot. for Prelim. Inj. 2-3.)  Plaintiff asserts that he
11 "simply cannot write legal documents in any length due to the … defectiveness of the security
12 pen," and that he experiences severe pain in his wrists from carpal tunnel syndrome when
13 writing with the security pen. (*Id.* at 2.)   Without the ability to purchase a regular pen,
14 Plaintiff claims he will be unable to access the courts once his remaining regular pen is
15 exhausted. (*Id.* at 5.)  Defendants argue that Plaintiff has not shown he will suffer immediate
16 irreparable harm because (1) Plaintiff has demonstrated that he is actually able to use the
17 "security pen," (2) pencils are available for Plaintiff to purchase as an alternative to the
18 "security pen," and (3) Plaintiff has failed to present evidence of his carpal tunnel syndrome.
19 (Defs.' Opp. to Pl.'s Mot. for Prelim. Inj. 4-5.)  The court agrees with Defendants and finds that
20 this factor does not favor granting Plaintiff's motion for a temporary restraining order.

21 **C.   REMAINING FACTORS**

22  As set forth above, no definite irreparable harm exists that will befall Plaintiff absent a
23 temporary restraining order.  Should this court grant the motion, however, the security
24 interests of the prison could be undermined by allowing prisoners to purchase regular pens that
25 have been prone to misuse as weapons. (Defs.' Opp. to Pl.'s Mot. for Prelim. Inj. 4.) Given that
26 the court must accord "substantial weight" to the effects of injunctive relief on the operation
27 of the prison, the court finds that the balance of hardships favors the defendants.  *See* 18 U.S.C.

28

§ 3626(a)(2). The threat to prison security resulting from granting Plaintiff's requested relief also suggests that the public interest is not being promoted. Therefore, because none of the factors for evaluating an injunction favors granting relief, the motion for a temporary restraining order should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. #12).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: October 27, 2009.

_____
UNITED STATES MAGISTRATE JUDGE