# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDER OCASIO, | 3:08-cv-00441-HDM (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| E.K. McDANIEL, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion for Summary Judgment. (Doc. #68.)[1] Plaintiff has failed to respond to Defendants' motion. After a thorough review, the court recommends that the motion be granted.

## I. BACKGROUND

At all relevant times, Plaintiff Alexander Ocasio was in custody of the Nevada Department of Corrections (NDOC) as an inmate at Ely State Prison (ESP). (Pl.'s Am. Compl. 1 (Doc.#7).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are E.K. McDaniel, the Warden at ESP, and Sergeant Tom Prince, an NDOC Correctional Officer. (*Id.* at 2.) Plaintiff seeks declaratory, injunctive, and monetary relief against Defendants in their individual capacities. (*Id.* at 2, 11.)

---
[1] Refers to the court's docket number.

1

In Count I, Plaintiff alleges that Defendant McDaniel has denied him access to the courts in violation of the First, Fifth, and Fourteenth Amendments by implementing a policy that only allows Plaintiff to order five subsections of text at a time from the law library. (*Id.* at 4-5.)

In Count II, Plaintiff claims that Defendant McDaniel has denied him access to the courts in violation of the First, Fifth, and Fourteenth Amendments by implementing a policy that limits the quantities of legal supplies and copy-work credit available to indigent prisoners. (*Id.* at 6.)

In Count III, Plaintiff claims that Defendants McDaniel and Prince denied him access to the courts in violation of the First, Fifth, and Fourteenth Amendments by conspiring to prevent Plaintiff from attending a small claims court telephonic hearing, causing the case to be dismissed. (*Id.* at 7.)

## **II. LEGAL STANDARD**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citing Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In doing so, the court must defer to the professional judgment of prison administrators when an inmate civil rights complaint is involved. *Beard v. Banks*, 548 U.S. 521, 526, 530 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

1    The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson,* 477 U.S. at 248. Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

### III. DISCUSSION

**A.    COUNT I AND COUNT II**

Defendants argue that they are entitled to summary judgment on Count I and Count II because Plaintiff fails to show that he suffered "actual injury" to support a claim for denial of access to the courts. (Defs.' Mot. for Summ. J. 4-5 (Doc. #68).)

///
///
///
///

3

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of this right, an inmate must show "actual injury," defined as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim." *Id.* at 348 (citation and internal quotations omitted). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (prospective access claim) or from the loss of a meritorious suit that cannot now be tried (retrospective access claim). *Christopher v. Harbury*, 536 U.S. 403, 412-415 (2002). When a prisoner brings a denial of access claim, he must show the hindrance or loss of a "nonfriviolous" or "arguable" underlying claim. *Id.* at 415.

In Count I Plaintiff alleges that his access to materials in the law library is significantly impeded because of the procedure by which he must obtain legal books. (Pl.'s Am. Compl. 4-5.) Plaintiff claims that Defendants refuse to allow him access to the books in the law library and only allow him to order five subsections of photocopied text at a time. (*Id.*) According to Plaintiff, this process obstructs his ability to timely file with the court. (*Id.*)

Although an inmate has a constitutionally protected right of meaningful access to the courts, no freestanding constitutional right to law library access exists for inmates. *Bounds v. Smith*, 430 U.S. 817, 820-21 (1977); *see Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Rather, law library access provides one means of ensuring the constitutional right of access to the courts. *Lewis*, 518 U.S. at 351. When claiming the right to access the courts has been violated due to inadequate library access, an inmate must show: (1) access was so limited as to be unreasonable, and (2) the inadequate access caused actual injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994). Here, Plaintiff claims that the process he must use to access the library is "inexpedient, and would not comply with time requirements to file motions and responses." (Pl.'s Am. Compl. 4.) Even though Plaintiff claims the procedure he must use obstructs his access to the law library, he fails allege, much less show, that he has suffered any actual injury. (*Id.*) Therefore, Defendants are entitled to summary judgment on Count I.

In Count II, Plaintiff alleges that Defendant McDaniel has implemented a policy that that limits the quantities of legal supplies and copy-work credit available to indigent prisoners. (Pl.'s Am. Compl. 6.) The right to access the courts encompasses entitlement to services and supplies that are indispensable to the filing of documents with the court. *Allen v. Sakai*, 48 F.3d 1082, 1089 (9th Cir. 1994). Prison authorities have a duty to provide necessary supplies, such as pens, paper, envelopes, and accurate photocopies, in order to allow inmates to effectively exercise their right of meaningful access to the courts. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 824-25 (1987). To proceed with a denial of access to the courts claim based on inadequate supplies, an inmate must allege that the denial of necessary supplies resulted in actual injury. *Allen,* 48 F.3d at 1091. Here, Plaintiff fails to allege that the prison's limits on the quantity of legal supplies and copy work that Plaintiff could obtain resulted in an actual injury. "An actual injury consists of some specific instance in which an inmate was actually denied access to the courts." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989)(internal quotations and citations omitted). Plaintiff generally describes the inadequacy of the quantity of legal supplies provided, but he fails to point to any specific instance where he sustained actual prejudice with respect to contemplated or existing litigation. (Pl.'s Am. Compl. 5.) Therefore, as to Count II, Defendants are entitled to summary judgment because Plaintiff, as the non-movant, has failed to produce evidence going to an essential element of his case.

**B.   COUNT III**

Defendants contend that they should be granted summary judgment on Count III because Plaintiff provides no evidence supporting his allegations of a conspiracy. (Defs.' Mot. for Summ. J. 6.) Defendants argue that even if Plaintiff could demonstrate a conspiracy, Plaintiff's claim in Count III does not fall within the purview of the type of litigation protected by an access to the courts claim. (*Id.* at 6-7.)

In Count III, Plaintiff claims Defendants conspired to prevent him from attending a small claims court telephonic hearing, causing the case to be dismissed. (Pl.'s Am. Compl. 7.) "To state a claim for conspiracy to violate one's constitutional rights under section 1983, the

plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). A conspiracy claim brought under section 1983 requires proof of (1) an agreement or meeting of the minds to violate constitutional rights, and (2) an actual deprivation of constitutional rights resulting from the alleged conspiracy. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quotations and citations omitted). The constitutional right of access to the courts is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

In this case, Plaintiff alleges that Defendants conspired to prevent him from attending a telephonic hearing in his small claims court case, which was subsequently dismissed. (Pl.'s Am. Compl. 7.) Even if Plaintiff could prove the elements of conspiracy, he cannot show that he suffered a violation of his constitutional rights because the right of access to the courts does not extend to small claims court cases. Therefore, Defendants are entitled to summary judgment on Count III.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendant's Motion for Summary Judgment (Doc. #68).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: June 15, 2010.

_____
UNITED STATES MAGISTRATE JUDGE